Jedd E. Mendelson, Esq.
Sandra T. Jimenez, Esq.
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700
Attorneys for Defendant
   Benihana, Inc.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW DUONG, | Civil Action No. 1:18-cv-15590 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| BENIHANA, INC. and JOHN DOE(S), | *Electronically filed* |
| Defendants. | |

**TO:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant, Benihana, Inc. ("Defendant"), improperly named as the Defendant and the proper Defendant being Plaintiff's former employer, Benihana National Corporation, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Camden County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

1.    Plaintiff, Andrew Duong ("Plaintiff"), allegedly residing at 411 Cherry St., Camden, NJ 08103, commenced this action on or about October 1, 2018 by filing a Complaint in the Superior Court of New Jersey, Law Division, Camden County, captioned *Andrew Duong v. Benihana, Inc. and John Doe(s)*, bearing Docket No. CAM-L-3686-18 (the "State Court Action").

2. Defendant, a corporation with its main office located in Aventura, Florida, was served with the Summons and Complaint on October 3, 2018. This Notice of Removal is filed within 30 days of October 3, 2018, as required by 28 U.S.C. § 1446(b).

3. Attached as **Exhibit A** is a copy of all "process, pleadings and orders" served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4. The State Court Action is a civil action of which the district courts of the United States have jurisdiction because of diversity jurisdiction and the matter in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332.

5. The State Court Action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiff purports to be a resident of the State of New Jersey. *See* Exhibit A, Complaint ("Compl.) at ¶ 1.

6. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

7. At the time Plaintiff filed suit, Defendant was, and still is, a corporation organized and existing under the laws of the State of Delaware. At the time Plaintiff filed this suit, Plaintiff's actual former employer, Benihana National Corporation, was, and still is, a corporation organized and existing under the laws of the State of Delaware. The principal place of business for Defendant is Aventura, Florida. The principal place of business for Benihana National Corp. is Aventura, Florida.

8. The amount of the matter in controversy in the State Court Action is unstated. Where, however, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than

not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2)(A).

9. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00, *see* 28 U.S.C. § 1332(a), computed on the following basis:[1]

(a) The Complaint does not set forth an express amount of damages sought by Plaintiff. However, a reasonable reading of the Complaint demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(b) The Complaint alleges a cause of action for violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-1, *et seq.*, the New Jersey Law Against Discrimination ("LAD"), *N.J.S.A.* 10:5-1, *et seq.*, and New Jersey common law. *See* Exhibit A, Compl. at ¶¶ 35, 42, 49. Plaintiff demands judgment for compensatory and punitive damages, and reasonable attorneys' fees and costs. *See Id.*, at ¶¶ 38, 39, 45, 46, 53, 54.

(c) Plaintiff alleges that his employment was terminated on or about April 30, 2018. *See Id.* at ¶¶ 27-28. Assuming Plaintiff seeks back pay through a trial date that is likely to be set for a date eighteen (18) months from the filing of his Complaint (i.e., April 1, 2020), a reasonable estimate of Plaintiff's alleged economic losses (i.e., back pay, front pay, loss of benefits) and emotional distress damages, should he prevail, will exceed the sum or value $75,000.00. *See Angus*, 989 F.2d at 146.

---

[1] Defendant does not concede Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

(d) Plaintiff also seeks attorneys' fees which are a "necessary part of the amount in controversy [calculation] if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *Goralski v. Shared Techs., Inc.*, No. 09–2461, 2009 WL 2460752, *5 (D.N.J. Aug. 7, 2009) (citation omitted). Here, because CEPA and LAD both provide for the recovery of attorneys' fees to the prevailing employee, such costs should be calculated as part of the amount in controversy requirement. *See N.J.S.A* § 34:19-6; *N.J.S.A.* §10:5-27.1.

(e) Plaintiff further seeks punitive damages. "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski*, 2009 WL 2460752 at *5; *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages and such claims are not patently frivolous and without foundation).

(f) Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

10. Accordingly, based on the face of the Complaint, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1332(a), which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

11. This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

12. Upon the filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Eva C. Zelson, Esq., at Zeff Law Firm, LLC, 100 Century Parkway, Mt. Laurel, NJ 08054, and filed a copy of the Notice of Removal with the Clerk, Superior Court of New Jersey, Camden County, pursuant to 28 U.S.C. § 1446(d).

13. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

14. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

15. Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

                        Respectfully submitted,

                        **LITTLER MENDELSON, P.C.**
                        Attorneys for Defendant
                          Benihana, Inc.

                        By: */s/ Jedd E. Mendelson*
                            Jedd E. Mendelson, Esq.
                            Sandra T. Jimenez, Esq.

Date: November 1, 2018

Jedd E. Mendelson, Esq.
Sandra T. Jimenez, Esq.
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700
Attorneys for Defendant
   Benihana, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW DUONG,<br><br>            Plaintiff,<br><br>vs.<br><br>BENIHANA, INC. and JOHN DOE(S),<br><br>           Defendants. | Civil Action No. 1:18-cv-15590<br><br>**CERTIFICATION OF SERVICE** |

    I, JEDD E. MENDELSON, of full age, hereby certify as follows:

    1.    On this date, I caused the following documents to be served via Email and Federal Express upon Plaintiff's counsel, Eva C. Zelson, Esq., at Zeff Law Firm, LLC, 100 Century Parkway, Mt. Laurel, NJ 08054:

    (a)    Notice of Removal (with exhibit), and accompanying Certificate of Service;

    (b)    Notice of Filing of Notice of Removal (with exhibit);

    (c)    Civil Cover Sheet;

    (d)    Rule 7.1 Corporate Disclosure Statement;

    (e)    Application for Extension of Time to Answer, Move or Otherwise Reply;

    (f)    Notice of Appearance and Request for Electronic Notification for Jedd E. Mendelson, Esq.; and

      (g)      Notice of Appearance and Request for Electronic Notification for Sandra T. Jimenez, Esq.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: November 1, 2018                                      */s/Jedd E. Mendelson*
                                                                                    Jedd E. Mendelson

FIRMWIDE:159293600.3 999991.0197

# EXHIBIT A

# (TO THE NOTICE OF REMOVAL)

## SUMMONS

Attorney(s) Gregg L. Zeff, Esquire, Eva C. Zelson, Esquire
Office Address 100 Century Parkway, Suite 305
Town, State, Zip Code Mt. Laurel, NJ, 08054

Telephone Number 856-778-9700
Attorney(s) for Plaintiff

X Andrew Duong

Plaintiff(s)

vs.

Benihana Inc.

Defendant(s)

**Superior Court of New Jersey**

Camden County
LAW Division
Docket No: CAM-L-003686-18

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at
http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: 10/02/2018

Name of Defendant to Be Served: Benihana INC.

Address of Defendant to Be Served: 5255 Marlton Pike, Pennsauken, NJ 08109

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire, #042531988
Eva C. Zelson, Esquire, #153832015
100 Century Parkway
Mt. Laurel, NJ  08054
(856) 778-9700 (t)
(856) 702-6640 (f)
ezelson@glzefflaw.com                                              *Attorneys for Plaintiffs*

| ANDREW DUONG<br>411 Cherry St.<br>Camden, NJ 08103<br><br>                    *Plaintiff*<br><br>v.<br><br>BENIHANA INC.<br>5255 Marlton Pike<br>Pennsauken, NJ 08109<br><br>AND<br><br>John Doe(s)<br>                    *Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |
|---|---|

## COMPLAINT

### INTRODUCTION

This matter comes before the Court because Defendant improperly terminated Plaintiff's employment because of Plaintiff's health and safety complaints, complaints of sexual harassment, and attempts to protect his co-workers from sexual harassment.

### PARTIES

1. Plaintiff, Andrew Duong, is a former employee of Defendant and resides at the above address.
2. Defendant, Benihana Inc., is corporation with a location at the above address, and was Plaintiff's employer during all times relevant herein.
3. Defendant is an "employer" within the definition of the Conscientious Employee Protection Act (CEPA), N.J.S.A. § 34:19-2 and the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. § 10:5-5.
4. Defendant(s) John Doe(s) are Defendant(s) whose identities are currently unknown.

1

## JURISDICTION AND VENUE

5. Jurisdiction is properly laid in this Court as Defendant is subject to personal jurisdiction in the state of New Jersey.

6. Moreover, Plaintiff's cause of action arises out of Defendant's acts and/or omissions, which occurred in Camden County, New Jersey.

## STATEMENT OF FACTS

7. Plaintiff began working for Defendant as an executive chef in or around 2015.

8. Plaintiff was well-qualified for his position and performed well.

9. In or around March of 2018, Defendant hired a new server ("Server").

10. Soon after beginning work with Defendant, Server began sexually assaulting and sexually harassing several female employees.

11. Further, Server often reported to work while under the influence of illegal narcotics.

12. The fact that Server worked while under the influence of illegal narcotics put customers at risk of physical harm because Server frequently handled very hot dishes and sharp knives.

13. Several times, Server, while under the influence of narcotics, almost injured a customer.

14. Managers at Defendant were aware that Server was sexually assaulting and sexually harassing female employees, but took no action to prevent same.

15. Instead, managers actively encouraged the continued sexual harassment of female employees by requiring those employees to train Server.

16. Server continued to sexually harass and sexually assault female employees.

17. Plaintiff repeatedly requested that managers address Server's persistent sexual harassment of employees, but managers refused to do so.

18. Plaintiff also reported to managers that Server frequently reported to work while under the influence of illegal narcotics, and that this was putting customer safety at risk.

19. Plaintiff also reported to Defendant that its premises violated various health codes and regulations as to food storage and food safety.

2

20. Specifically, Plaintiff reported to Defendant that employees often handled food without wearing gloves. Further, Plaintiff reported that dishes and utensils were often visibly dirty, even after going through the dishwasher.
21. Plaintiff also reported to Defendant that there were mouse droppings on a rack where Defendant stored serving trays used to serve customers.
22. Additionally, in or around March of 2018, Defendant lost the use of hot water. Plaintiff informed managers that, per health and safety regulations, Defendant should close until hot water was restored. Plaintiff informed Defendant that without the use of hot water, Defendant would not be able to adequately sanitize dishes, serving utensils and related instruments.
23. Defendant took no corrective action in relation to any of Plaintiff's health and safety complaints.
24. On or around April 29, 2018, Server yet again sexually assaulted a female employee, causing said employee to leave Defendant in tears.
25. On or around April 29, 2018, Plaintiff approached Server and requested that Server refrain from sexually assaulting or sexually harassing Plaintiff's co-workers.
26. By way of response, Server cursed at Plaintiff. Server then shoved Plaintiff, and initiated a physical fight. Plaintiff physically defended himself from Server's attack. Other employees then separated Server and Plaintiff.
27. On or around April 30, 2018, Plaintiff reported the incident to a manager.
28. The manager then immediately terminated Plaintiff's employment for the stated reason that Plaintiff had violated Defendant's "zero tolerance" policy regarding employees fighting with each other.
29. This stated reason was false.
30. Throughout Plaintiff's employment with Defendant, other employees had been involved in minor physical altercations similar to that of Plaintiff and Server, and were not disciplined.

## COUNT I
### N.J.S.A. 34:19-1 et seq.
### CONSCIENTIOUS EMPLOYEE PROTECTION ACT

31. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

32. Plaintiff reported Defendant's violation of various health and safety procedures, which Plaintiff reasonably believed violated various regulations.

33. Plaintiff further reported that Server's conduct was threatening the health and safety of the public.

34. Moreover, Plaintiff attempted to keep his coworkers safe by addressing Server's constant sexual harassment and sexual assault of Defendant's employees.

35. By and through its course of conduct as alleged herein, Defendant violated CEPA by terminating Plaintiff because of his complaints and because of his attempt to address Server's attacks on other employees.

36. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

37. Defendant subjected Plaintiff to an adverse employment action by terminating him.

38. As a direct and proximate result of Defendant's violation of Plaintiff's rights under CEPA, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under CEPA, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

39. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## COUNT II
### WRONGFUL DISCHARGE

40. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

41. By and through its course of conduct as alleged herein, Defendant wrongfully discharged Plaintiff by terminating him in retaliation for speaking out against sexual assault and harassment.

4

42. Defendant's termination of Plaintiff in retaliation for Plaintiff speaking out against sexual assault and harassment violates New Jersey's public policy.
43. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.
44. Defendant had no legitimate, non-retaliatory reason for its termination of Plaintiff.
45. As a direct and proximate result of Defendant's wrongful discharge of Plaintiff, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.
46. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## COUNT III
## N.J.S.A. 10:5-1 et seq.
## RETALIATION

47. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.
48. By and through its course of conduct as alleged herein, Defendant retaliated against Plaintiff by terminating him for his sexual harassment complaints.
49. Defendant's actions violate the NJLAD.
50. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.
51. Defendant subjected Plaintiff to an adverse employment action terminating him.
52. Defendant had no legitimate, nondiscriminatory or non-retaliatory reason for its actions.
53. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, compensatory and punitive damages, in amounts to be determined at trial.
54. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

ZEFF LAW FIRM, LLC

/s/*Eva C. Zelson, Esq.*
Eva C. Zelson, Esq.
Gregg L. Zeff, Esq.
*Attorneys for Plaintiff*
Dated: September 30, 2018

## JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Please take notice that Plaintiff hereby demands a trial by jury as to all issues and that pursuant to rule 4:25-4, Gregg L. Zeff, Esquire, is hereby designated as trial counsel in the above captioned matter on behalf of The Zeff Law Firm, LLC.

## CERTIFICATION

I certify pursuant to Rule 4:5-1 that I know of no other proceedings pending or that are contemplating in any court or arbitration proceeding that concerns this subject matter and know of no other parties that need be joined with action.

Dated: September 30, 2018

/s/*Eva C. Zelson, Esq.*
Eva C. Zelson, Esq.
Gregg L. Zeff, Esq.
*Attorneys for Plaintiff*

6

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-003686-18**

**Case Caption:** DUONG ANDREW VS BENIHANA INC.
**Case Initiation Date:** 10/01/2018
**Attorney Name:** EVA CAROLINE ZELSON
**Firm Name:** ZEFF LAW FIRM, LLC
**Address:** 100 CENTURY PKWY STE 305
MT LAUREL NJ 08054
**Phone:**
**Name of Party:** PLAINTIFF : Duong, Andrew
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/01/2018
Dated

/s/ EVA CAROLINE ZELSON
Signed