UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ANDREW DUONG,

    Plaintiff,

    v.

BENIHANA NATIONAL CORPORATION
and JOHN DOE(s),

    Defendants.

No. 1:18-cv-15590-NLH-KMW

OPINION

---

**APPEARANCES**:

EVA CAROLINE ZELSON
GREGG L. ZEFF
ZEFF LAW FIRM
100 CENTURY PARKWAY
SUITE 305
MT. LAUREL, NJ 08054

    *Attorneys for Plaintiff Andrew Duong.*

SANDRA T. JIMENEZ
JEDD E. MENDELSON
LITTLER MENDELSON, P.C.
ONE NEWARK CENTER
1085 RAYMOND BLVD., 8TH FLOOR
NEWARK, NJ 07102

    *Attorneys for Defendant Benihana National Corporation.*

**Hillman**, District Judge,

    This matter comes before the Court in response to the Court's earlier Opinion granting summary judgment for the Defendant and denying Plaintiff's motion for an adverse inference.  Presently pending before the Court is Plaintiff's

Motion for Reconsideration.  For the reasons expressed below, Plaintiff's motion will be denied.

## BACKGROUND

Plaintiff Andrew Duong was discharged from his employment at Defendant Benihana National Corporation's Cherry Hill, NJ, location after a physical altercation occurred between him and another coworker, who was also subsequently relieved from his position at the restaurant.  Plaintiff then brought several claims against Defendant for retaliation, citing his previous reporting of sexual harassment and health and safety violations as the motivation for the termination of his employment.  See generally (ECF No. 30-4 ("Pl. SOMF")).  Defendant maintains that both employees were fired because they breached the company policies pertaining to acceptable behavior in the workplace by engaging in a fight. (ECF No. 25-5 ("Def. SOMF") at ¶ 27-28).

Plaintiff also moved for an adverse inference, as a surveillance video that captured the altercation was subsequently destroyed by Defendant.  In an Opinion and Order issued on September 10, 2020, (ECF No. 38 and 39), the Court determined that summary judgment was appropriate because Plaintiff did not satisfy the requirements for a *prima facie* case for retaliation, as no reasonable jury could have concluded that he was fired in retaliation for his reporting of workplace behavior and conditions.  (Opinion ("Op.") at 11-12).  Likewise,

2

the Court denied Plaintiff's motion for an adverse inference as he failed to demonstrate both that he suffered prejudice as a result of the destruction of the video and that the video was destroyed in bad faith. (Op. at 14).

On September 16, 2020, Plaintiff filed the present motion for reconsideration of the Court's decision to grant summary judgment for Defendant and deny his motion for an adverse inference. (ECF No. 39). Defendant filed a brief opposing that motion on October 5, 2020. (ECF No. 40). The motion is now fully briefed and ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367.

### II. Standard of Review

Local Rule 7.1 permits a party to submit a motion for reconsideration, which must be accompanied by "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." A motion for reconsideration exists as a remedy "to correct manifest errors of law or fact or to present newly discovered evidence." Johnson v. Diamond State Port Corp., 50 Fed. App'x 554, 559 (3d Cir. 2002) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). The burden is on the moving party to

3

demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).  For such a motion to be granted, the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

### III. Analysis

Plaintiff here seeks reconsideration of the Court's decision to grant summary judgment in favor of Defendant in its September 10, 2020, Opinion.  Specifically, Plaintiff asserts in his motion that the Court overlooked material facts that "alter the disposition of this matter." (Pl. Motion for Reconsideration ("Pl. MFR") at 3).

The facts Plaintiff believes were overlooked by the Court center on his role in the altercation that Defendant cited as the reason for Plaintiff's termination and that of the other employee engaged in the fight.  Plaintiff posits that "[t]he Court overlooked facts that support that … an employee who defends himself from physical attacks, as Plaintiff testified he did, would *not* be in violation of the policy." (Pl. MFR at 3) (emphasis in original).  Plaintiff further avers that his

4

version of the altercation, if accepted, would not have resulted in his firing. (Pl. MFR at 3).

While the Plaintiff may believe he was acting in self-defense, the undisputed facts of the case do not support the speculative assertion that he would not have suffered disciplinary action for his role in the altercation if it were determined that his actions arose out of self-defense. Plaintiff admitted to his involvement in a verbal and physical altercation at work and also admitted to verbally confronting his coworker, which resulted in the altercation. (Pl. SOMF ¶15, ¶34). The Benihana Workplace Violence Policy and the Employee Conduct and Work Rules, when read together, show that "committing any act of violence in the workplace" as well as "[d]isorderly conduct, including but not limited to fighting or other violent and/or threatening behavior" are both punishable. (Def. SOMF at ¶¶ 22-23) (citing ECF No. 25-4, Ex. D). There is nothing in the language of the policies or in the record of the case to support that a determination of Plaintiff's exact, or less culpable, role in the altercation would have changed the outcome.

Moreover, contrary to Plaintiff's suggestion, this Court did evaluate the import of Plaintiff's role in the altercation in its original opinion, where it found that "Defendant's decision to terminate Plaintiff and [his coworker] in tandem

5

clearly signifies that Defendant's decision did not turn on whether Plaintiff was or wasn't the aggressor." (Op. at 14). As this Court previously held, the altercation at work acted as "an intervening occurrence between Plaintiff's complaints and his termination," which does not support a causal link between Plaintiff's complaints and his termination but, instead, supports that he was fired as a result of his violation of workplace policies. Id. at 11. And, importantly, because the altercation itself was the motivation for the employees' termination and not the determination of roles within the fight, the existence of the surveillance video would not have assisted Plaintiff's case. He was, therefore, not prejudiced by the lack of video evidence. Plaintiff admitted to participating in the altercation; said participation, regardless of whether it arose out of self-defense, was the reason for Plaintiff's termination, not his previous complaints to management.

Plaintiff has failed to demonstrate that the Court overlooked any material facts in its September 10, 2020, Opinion. Instead, Plaintiff has simply reasserted the same arguments, and pointed to the same evidence, that the Court addressed in reaching its previous holding. Plaintiff's motion makes clear that he simply disagrees with the Court's decision; mere disagreement with the Court, however, does not suffice to show that the Court overlooked relevant facts or controlling

6

law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  Plaintiff's motion for reconsideration therefore must be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 39) of the Court's earlier Opinion granting summary judgment for the Defendant and denying his motion for an adverse inference will be denied.

An appropriate order will be entered.


Date: January 13, 2021                 /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

7